UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                                    )
LA RÉUNION AÉRIENNE                             )    Civil Action No.
50 Rue Ampere                                              )
Paris 75017                                                    )
France,                                                          )
                        Plaintiff,            )
       v.                                                       )
                                                                    )
SOCIALIST PEOPLE'S LIBYAN                 )
ARAB JAMAHIRIYA, LIBYAN EXTERNAL  )
SECURITY ORGANIZATION, MUAMMAR    )    **COMPLAINT**
QADHAFI, ABDALLAH SENOUSSI, AHMED )
ABDALLAH ELAZRAGH, IBRAHIM NAELI, )
ARBAS MUSBAH, ISSA ABDELSALAM       )
SHIBANI AND ABDELSALAM HAMMOUDA )
EL AGELI                                                       )
Ministry of Foreign Affairs                            )
Tripoli, Libya,                                              )
                        Defendants.          )
_____)

Plaintiff, La Réunion Aérienne, on its own behalf and as assignee and subrogee of the rights of decedents Bonnie Barnes Pugh, James E. Turlington, Sr., Margaret Elizabeth Schutzius, Patrick Wayne Huff, Donald J. Warner, Mihai Alimanestianu, Mark E. Corder (collectively "Decedents") and Interlease, Inc., ("Interlease"), complaining of Defendants, The Socialist People's Libyan Arab Jamahiriya, Libyan External Security Organization, (collectively the "Foreign State Defendants"), Muammar Qadhafi, Abdallah Senoussi, Ahmed Abdallah Elazragh, Ibrahim Naeli, Arbas Musbah, Issa Abdelsalam Shibani and Abdelsalam Hammouda El Ageli, (collectively the "Individual Defendants"), alleges as follows:

      1.      Plaintiff, La Réunion Aérienne, at all times relevant, was a *Groupement D'Interet Economique*, which is a special partnership organized and existing in accordance with the French decree of September 23, 1967, acting on behalf of its member insurance companies, namely

Abeille Assurances, Allianz Assurances, Generali France Assurances, Groupama Assurances et Services, CGU Courtage/Gan Euro Courtage, Groupama Transports, General Accident, Caisse Industrielle d'Assurance Mutuelle (CIAM), Mutuelle du Mans, as successors to the rights of Abeille Assurances, Caisse Industrielle d'Assurance Mutuelle (CIAM), General Accident Fire and Life Assurance Corp. Ltd., Hansa, Irish National Insurance Company Ltd., La Concorde, La France IARD, L'Alsacienne, Languedoc, Rhin et Moselle, Union des Assurances de Paris Incendie Accident, La Mutuelle Electrique d'Assurance, Les Mutuelles du Mans IARD, La Suisse and its coinsurers, namely Allianz Marine et Aviation (France), A.M.A. as successor to the rights of AGF Marine Aviation Transport (AGF-MAT), formerly Compagnie D'Assurances Maritimes, Aérienne et Terrestres (CAMAT), and of AGF IART, Groupama Transport as successor to the rights of Groupe des Assurances Nationales I.A., Generali France as successor to the rights of Le Continent, AXA Corporate Solutions Assurances as successor to the rights of La Paternelle as a result of the transfer of several portfolios, La Providence IARD, Seine et Rhone/Oceanide Reunies, now Seine et Rhone, Groupe Drouot, now Drouot Assurances, Société d'Assurance Mutuelle de la Ville de Paris (AMCL MINERVE), now Prévoyance Mutuelle MACL, Assurance Générale de France IART – AGF IART, as successor to the rights of Préservatrice Foncière Assurances.

2.     Plaintiff, La Réunion Aérienne, with its principal place of business in Paris, France, by reason of certain insurance policies hereinafter described, in which it participates on account of its members and coinsurers, and by reason of payments it made under those insurance policies, is the assignee and subrogee of the Decedents' representatives and estates, and of Interlease, for certain claims as hereinafter described.

3. Plaintiff, La Réunion Aérienne, by reason of payments it made under the above-described insurance policies, has actionable claims in indemnification and contribution against the Foreign State Defendants and Individual Defendants, as hereinafter described.

4. Plaintiff, La Réunion Aérienne, as owner of the Aircraft destroyed by the Foreign State Defendants and Individual Defendants, has actionable tort claims against those Defendants, as hereinafter described.

5. Upon information and belief, Decedents by their estates and legal representatives, are citizens of various states of the United States, including the states of Texas, Virginia, Montana, North Carolina, Indiana and Georgia.

6. Upon information and belief, Interlease is a corporation organized under the laws of Georgia with its principal place of business in Georgia.

7. Foreign State Defendant Socialist People's Libyan Arab Jamahiriya ("Libya") is a "foreign state" as that term is defined in 28 U.S.C. § 1603, which was designated by the United States Secretary or Department of State as a state sponsor of terrorism at the time of the act which is the subject matter of this Amended Complaint.

8. Foreign State Defendant Libyan External Security Organization ("LESO") is a department of the Libyan Government and as such is an "agency or instrumentality" of Libya, as that terms is defined in 28 U.S.C. § 1603, through which Libya conducted acts of terrorism, including that which is alleged herein.

9. Individual Defendants Muammar Qadhafi, Abdallah Senoussi, Ahmed Abdallah Elazragh, Ibrahim Naeli, Arbas Musbah, Issa Abdelsalam Shibani and Abdelsalam Hammouda El Ageli are, upon information and belief, citizens of Libya and, upon information and belief, reside there.

10.     The Individual Defendants are liable for the acts of terrorism herein described, in both their personal and official capacities as officers, employees or agents of Libya and/or LESO.

11.     Pursuant to 28 U.S.C. § 1605A, Libya is vicariously liable for the terrorist acts of the Individual Defendants committed in their official capacities.

12.     This Court has jurisdiction by reason of 28 U.S.C. § 1330(a), 28 U.S.C. § 1605, 28 U.S.C. § 1605A, and 18 U.S.C. § 2333(a).

13.     Plaintiff insured certain risks in connection with a certain DC-10 aircraft, bearing registration number N. 54 629, (hereinafter the "Aircraft") owned by Interlease which risks are more fully described in the policies of insurance numbered No. 89/18.636, No. 89/35.616 and No. 89/18493 (collectively the "Policies").

14.     On September 19, 1989, the Aircraft operated by the French airline Union de Transports Aériens ("UTA"), departed Brazzaville, Congo on UTA Flight 772, en route to Paris, France, with a stopover at N'Djamena, Chad.

15.     After the stopover, the Aircraft took off and exploded in mid-air over the Tenere Desert in Niger, killing all aboard, including the Decedents, all of whom were citizens of the United States, and destroying the Aircraft and its contents.

16.     Upon information and belief, Defendants Libya, LESO, Muammar Qadhafi, Abdallah Senoussi, Ahmed Abdallah Elazragh, Ibrahim Naeli, Arbas Musbah, Issa Abdelsalam Shibani and Abdelsalam Hammouda El Ageli personally and intentionally undertook the actions that caused the Aircraft to explode in mid-air.

17.     Upon information and belief Defendants, and each of them, were part of a conspiracy and acted in concert to cause the Aircraft to explode on September 19, 1989.

18. The explosion of the Aircraft constituted a premeditated and deliberate act of international terrorism, extrajudicial killing and aircraft sabotage within the meaning of 18 U.S.C. § 2333(a), 28 U.S.C. § 1605 and 28 U.S.C. § 1605A.

19. The explosion of the Aircraft gave rise to a private right of action, as set forth in 28 U.S.C. § 1605A, for personal injury and death, including economic damages, solatium, pain and suffering, and punitive damages, as well as for property loss and for recovery by Plaintiff of loss claims it paid in connection with the Policies.

20. Alternatively, the explosion of the Aircraft gave rise to a private right of action under the common and statutory law of the domiciles of decedents, their estates and survivors, and Interlease.

## AS AND FOR A FIRST CLAIM FOR RELIEF
## ASSIGNMENT AND SUBROGATION

21. Plaintiff repeats and re-alleges each and every allegation contained and set forth in paragraph 1 through 20 hereof, as if re-pled and set forth at length.

22. As a proximate result of the willful and reckless acts of Defendants, the Decedents, all U.S. citizens, were killed in the Aircraft explosion.

23. The Decedents, by their duly authorized representatives and estates, therefore have claims against the Defendants for wrongful death.

24. Plaintiff paid to certain survivors and estates of the Decedents and to Interlease, certain monies by reason of the personal injury and death, including but not limited to funeral expenses and repatriation of the remains of the Decedents herein in the amount $2,011,172.42, as nearly as can now be computed, and to Interlease the insured value of the Aircraft in excess of $34,000,000.

25. By reason of the foregoing and the Policies, Plaintiff took an assignment of, and became subrogated to, the rights of the Decedents and of Interlease, to the extent of such payments.

26. Plaintiff therefore stands in the shoes of the Decedents and of Interlease in asserting their rights against the Defendants.

27. Plaintiff, as assignee and subrogee to the claims of Decedents and of Interlease, is entitled to recover all monies it paid as a result of explosion of the Aircraft.

28. Defendants, and each of them, owed a duty to the Decedents' estates and Interlease not to deliberately and intentionally cause the personal injury or death of the Decedents or the destruction of Interlease's Aircraft.

29. Defendants, and each of them, breached those duties.

30. Defendants, and each of them, were culpable, primarily and directly responsible, and actively at fault for the personal injuries and death of Decedents and the destruction of Interlease's Aircraft and all damages caused to Plaintiff thereby.

31. By reason of the above, Plaintiff, as assignee and subrogee of the Decedents and of Interlease, is entitled by operation of law, including pursuant to 28 U.S.C. § 1605A, and by reason of the Policies and the express assignments, to complete recovery for the damages caused thereby from the Foreign State Defendants, on their own behalf and vicariously, and the Individual Defendants, in their official and personal capacities, for all sums expended by Plaintiff by reason of its Policies.

<u>AS AND FOR A SECOND CLAIM FOR RELIEF
INDEMNITY</u>

32. Plaintiff repeats and re-alleges each and every allegation contained and set forth in paragraph 1 through 31 hereof, as if re-pled and set forth at length.

33. By reason of the above, Plaintiff is entitled by operation of law, including pursuant to 28 U.S.C. § 1605A, and by reason of the Policies, to complete indemnification to the extent of its payments to the Decedents and Interlease which were caused by the wrongful acts of the Foreign State Defendants and the Individual Defendants, in their official and personal capacities, in causing the Aircraft to explode.

### AS AND FOR A THIRD CLAIM FOR RELIEF
### CONVERSION

34. Plaintiff repeats and re-alleges each and every allegation contained and set forth in paragraph 1 through 33 hereof, as if re-pled and set forth at length herein.

35. The Foreign State Defendants and Individual Defendants, and each of them, both in their official and personal capacities, wrongfully converted the Aircraft to their own use, thereby causing damages to Plaintiff in the amount of its payment to Interlease.

36. By reason of the above, Plaintiff is entitled to recover from the Foreign State Defendants and Individual Defendants, in their official and personal capacities, the value of the Aircraft they converted.

### AS AND FOR A FOURTH CLAIM FOR RELIEF
### TRESPASS TO CHATTLES

37. Plaintiff repeats and re-alleges each and every allegation contained and set forth in paragraph 1 through 36 hereof, as if re-pled and set forth at length herein.

38. The Foreign State Defendants and Individual Defendants, and each of them, both in their official and personal capacities, committed trespass to the chattels of the Decedents and Interlease and thereby to Plaintiff as subrogee and assignee, causing damages to the extent of Plaintiff's payments to the Decedents and Interlease.

39. By reason of the above, Plaintiff is entitled to recover from the Foreign State Defendants and Individual Defendants, in their official and personal capacities, the payments Plaintiff made to the Decedents and Interlease.

### AS AND FOR A FIFTH CLAIM FOR RELIEF
### PUNITIVE DAMAGES

40. Plaintiff repeats and re-alleges each and every allegation contained and set forth in paragraph 1 through 39 hereof, as if re-pled and set forth at length herein.

41. By reason of the above, Plaintiff demands relief pursuant to 28 U.S.C. § 1605A and 28 U.S.C. § 2333(a), including treble damages, other punitive damages, attorneys fees and other costs, expenses and disbursements, against all Defendants.

WHEREFORE, Plaintiff demands judgment, jointly and severally, against the Foreign State Defendants, on their own behalf and vicariously, and the Individual Defendants, both in their official capacities and personal capacities, for:

    A. Compensatory damages, in the principal amount of $2,011,172.42, as nearly as can now be computed, which was paid to the Decedents, and $34,000,000 which was paid to Interlease, for a total of $36,011,172.42;

    B. Punitive and exemplary damages in an appropriate amount to be determined, pursuant to 28 U.S.C. § 1605A;

    C. Treble damages, pursuant to 18 U.S.C. § 2333(a);

    D. Interest from the date of Plaintiff's payments to Decedent and Interlease through the date of judgment;

    E. Plaintiff's reasonable attorneys fees, pursuant to 18 U.S.C. § 2333(a);

    F. Plaintiff's costs, expenses and disbursements, pursuant to 18 U.S.C. § 2333(a);

      G. Such other and further relief as to this Court seems just and proper.

Dated: March 27, 2008

                                        /s/ Christopher B. Kende
                                        Christopher B. Kende
                                        (D.C. Bar No.416487)
                                        COZEN O'CONNOR
                                        45 Broadway, 16th Floor
                                        New York, New York 10006
                                        Attorneys for Plaintiff
                                        Tel. No.: (212) 509-9400
                                        Fax No.: (212) 509-9492
                                        ckende@cozen.com

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
La Reunion Aerienne

## DEFENDANTS
Socialist People's Libyan Arab Jamahiriya, Libyan External Security Organization, Muammar Qadhafi, Abdallah Senoussi, Ahmed Abdallah Elazragh, Ibrahim Naelli, Arbas Musbah, Issah Abdelsalam Shibani and Abdelsalam Hammouda El Ageli

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  99999
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  99999
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Christopher B. Kende, Esq.
COZEN O'CONNOR
45 Broadway
New York, New York 10006
(212) 509-9400

ATTORNEYS (IF KNOWN)
Arman Dabiri, Esq.
LAW OFFICES OF ARMAN DABIRI AND ASSOCIATES
1725 I Street, N.W.
Washington, D.C. 20006
(202) 349-3893

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ● 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ● 3 | ○ 3 | Foreign Nation | ○ 6 | ● 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ● E. General Civil (Other)  OR  ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ○ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | ○ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br>*(If pro se, select this deck)* | ○ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ○ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ○ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ○ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ○ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Action under 28 USC § 1605A for damages claimed by third party insurer as a result of act of international terrorism.

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   **DEMAND $** $36,011,172.42 plus punitives   Check YES only if demanded in complaint   **JURY DEMAND:** YES ☐  NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☒   NO ☐   If yes, please complete related case form.

DATE March 27, 2008    SIGNATURE OF ATTORNEY OF RECORD  _[signature]_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

    I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

    III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

    IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

    VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

    VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

CLERK=S OFFICE  
UNITED STATES DISTRICT COURT  
FOR THE DISTRICT OF COLUMBIA

CO-932  
Rev. 4/96

NOTICE OF DESIGNATION OF RELATED CIVIL CASES PENDING  
IN THIS OR ANY OTHER UNITED STATES COURT

Civil Action No. _____  
(To be supplied by the Clerk)

NOTICE TO PARTIES:

Pursuant to Rule 40.5(b)(2), you are required to prepare and submit this form at the time of filing any civil action which is related to any pending cases or which involves the same parties and relates to the same subject matter of any dismissed related cases. This form must be prepared in sufficient quantity to provide one copy for the Clerk=s records, one copy for the Judge to whom the cases is assigned and one copy for each defendant, so that you must prepare 3 copies for a one defendant case, 4 copies for a two defendant case, etc.

NOTICE TO DEFENDANT:

Rule 405(b)(2) of this Court requires that you serve upon the plaintiff and file with your first responsive pleading or motion any objection you have to the related case designation.

NOTICE TO ALL COUNSEL

Rule 405(b)(3) of this Court requires that as soon as an attorney for a party becomes aware of the existence of a related case or cases, such attorney shall immediately notify, in writing, the Judges on whose calendars the cases appear and shall serve such notice on counsel for all other parties.

The plaintiff, defendant or counsel must complete the following:

I. RELATIONSHIP OF NEW CASE TO PENDING RELATED CASE(S).

A new case is deemed related to a case pending in this or another U.S. Court if the new case: [Check appropriate box(e=s) below.]

- [ ] (a) relates to common property
- [x] (b) involves common issues of fact
- [x] (c) grows out of the same event or transaction
- [ ] (d) involves the validity or infringement of the same patent
- [ ] (e) is filed by the same pro se litigant

2. RELATIONSHIP OF NEW CASE TO DISMISSED RELATED CASE(ES)

A new case is deemed related to a case dismissed, with or without prejudice, in this or any other U.S. Court, if the new case involves the same parties and same subject matter.

Check box if new case is related to a dismissed case: [ ]

3. NAME THE UNITED STATES COURT IN WHICH THE RELATED CASE IS FILED (IF OTHER THAN THIS COURT):

4. CAPTION AND CASE NUMBER OF RELATED CASE(E=S). IF MORE ROOM IS NEED PLEASE USE OTHER SIDE.

La Reunion Aerienne v. Socialist People's Libyan Arab Jamahiriya, et al   C.A. No. 05-cv-1932

March 27, 2008  
DATE                    Signature of Plaintiff/Defendant (or counsel)

Additional Related Case:

Robert L. Pugh, et al. v. Socialist People's Libyan Jamahiriya
No. 02-cv-2026